UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MORRIS EDWIN H & CO., INC., :
UNIVERSAL MUSIC CORPORATION, :
AFROMAN MUSIC, and PURPLE RABBIT :
MUSIC, : Civil Action No.:
 :
 :
 Plaintiffs, :
 -against- : **COMPLAINT**
 :
TREBLE MAKERS OF WESLEY CHAPEL, :
INC. and JAMES S. HESS, :
 Defendants. x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. Defendant Treble Makers of Wesley Chapel, Inc. ("TMWC") is a corporation organized under the laws of Florida with offices located at 8127 Lago Mist Way, Wesley Chapel, Florida 33544.

6. At all times hereinafter mentioned, TMWC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Treble Makers Dueling Piano Bar and Restaurant ("Treble Makers"), located at 6034 Wesley Grove Boulevard, Suite 101, Wesley Chapel, Florida 33544.

7. Musical compositions were, and are, performed publicly at Treble Makers.

8. On information and belief, defendant James S. Hess ("Hess" and, together with TMWC, the "Defendants") is an individual who resides and/or does business in this District.

9. On information and belief, at all times hereinafter mentioned, Hess was, and still is, an owner, officer, director, and/or president of TMWC.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

10. At all times hereinafter mentioned, Hess was, and still is, responsible for the control, management, operation and maintenance of the affairs of TMWC.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Treble Makers, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Treble Makers.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 960,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Treble Makers. ASCAP's representatives have attempted to contact Defendants by mail, email, phone, and in person.

16. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Treble Makers constitute copyright infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for Treble Makers.

18. Notwithstanding the foregoing, Defendants have continued to perform publicly ASCAP's members' copyrighted music, without permission, during the hours that Treble Makers is open to the public for business and presenting musical entertainment.

19. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally, and willfully violated Plaintiffs' rights.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. The composition named in cause of action 1 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyright in the names of the claimants listed in Column 7. The dates and identification numbers of such certificate is set forth in Column 8.

24. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Treble Makers, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at Treble Makers of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were

unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Treble Makers include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any musical composition in the ASCAP repertory, and from causing or permitting the

said compositions, or any musical composition in the ASCAP repertory, to be publicly performed at Treble Makers, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:   Tampa, Florida
         March 4, 2024

**BISHOP PAGE & MILLS PLLC**

By:  /s/ Frederick D. Page
Frederick D. Page
*Lead Counsel for Plaintiffs*
Fla. Bar No. 968587
510 North Julia Street
Jacksonville, Florida 32202
Telephone: 904.598.0034
fpage@bishoppagemills.com
apoole@bishoppagemills.com
service@bishoppagemills.com

## SCHEDULE A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff(s)** | **Musical Composition** | **Writer(s)** | **Date of Publication or Registration** | **Certificate of Registration Number** | **Renewal Claimant** | **Renewal Certificate Date and Number** | **Date of Known Infringement** |
| 1. | MORRIS EDWIN H & CO, INC. | SUMMER NIGHTS | Warren Casey<br><br>Jim Jacobs | April 19, 1972 | EP 299-484 | Harris Trust and Savings Bank (executor of the author, Warren Casey)<br><br>Jim Jacobs | RE 826-139 June 8, 2000 | July 8, 2023 |
| 2. | UNIVERSAL MUSIC CORPORATION<br><br>AFROMAN MUSIC | BECAUSE I GOT HIGH | Joseph Foreman | September 11, 2001 | PA 1-123-416 | | | July 8, 2023 |
| 3. | PURPLE RABBIT MUSIC | FAST CAR | Tracy L. Chapman | March 1, 1988 | PA 417-827 | | | July 8, 2023 |