UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MORRIS EDWIN H. & CO., INC.,
UNIVERSAL MUSIC CORPORATION,
AFROMAN MUSIC, and PURPLE RABBIT
MUSIC,**

    Plaintiffs,

vs.                                      Case No: 8:24-CV-00579-MSS-CPT

**TREBLE MAKERS OF WESLEY CHAPEL,
INC. AND JAMES S. HESS,**

    Defendants.

_____

## ORDER

**THIS CAUSE** comes before this Court on consideration of Plaintiffs Morris Edwin H. & Co., Inc., Universal Music Corporation, Afroman Music, and Purple Rabbit Music's Motion for Default Judgement. (Dkt. 12). Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **GRANTS IN PART** Plaintiffs' Motion for Default Judgment and grants entitlement to attorney's fees. The Court holds in abeyance the award of attorney's fees pending receipt of additional documentation as directed herein.

I.     Background

In this case, Plaintiffs claim that Defendants publicly performed Plaintiffs' copyrighted musical compositions without authorization. Plaintiffs are all members of the American Society of Composers, Authors and Publishers (ASCAP). As alleged in

the Complaint, Defendant Treble Makers of Wesley Chapel, Inc. ("TMWC") is a corporation, organized under the laws of Florida, that owns and operates Treble Makers Dueling Piano Bar and Restaurant ("Treble Makers"). (Dkt. 1, ¶¶ 5-6). Defendant James S. Hess ("Hess" and, together with TMWC, the "Defendants") at all times relevant to the Complaint, was responsible for the control and management of TMWC. (Dkt. 1, ¶ 9).

Plaintiffs claim that "for years," ASCAP representatives have tried to contact Defendants to offer an ASCAP license for Treble Makers, but Defendants have refused to purchase a license. (Dkt. 1, ¶¶ 16-17). ASCAP's communications gave Defendants notice that unlicensed performances of ASCAP members' musical compositions constituted copyright infringement. (Dkt. 1, ¶ 16). As verified by an investigator for Plaintiffs, Defendants continued to present public performances of copyrighted musical compositions. (Dkt. 1, ¶ 24). Plaintiffs specifically allege that Defendants presented unauthorized performances of three works, "Summer Nights," "Because I Got High," and "Fast Car." (Dkt. 1, at 8).

On March 4, 2024, Plaintiffs brought this action against Defendants seeking an injunction and damages for violations of the Copyright Act, as specified in 17 U.S.C. § 502 and 17 U.S.C. § 504(c)(1). On March 25, 2024, Plaintiffs filed proof of service, providing that on March 19, 2024, Plaintiffs served both Defendants with a copy of the Summons and Complaint. (Dkt. 8). To date, Defendants have not filed an Answer or other responsive pleading in this case. On April 12, 2024, upon Plaintiffs' motion for entry of a clerk's default, the Clerk entered a default against Defendants. (Dkts. 9,

10, 11). Plaintiffs now seek entry of a default judgment against Defendants as to Plaintiffs' claims pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"). (Dkt. 12).

## II. Standard of Review

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to respond to a complaint. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'"). All well-pleaded allegations of fact are deemed admitted upon entry of default. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a default judgment, there must be a sufficient basis in the pleadings to support the entry of judgment. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award through a hearing or a demonstration of detailed affidavits establishing the necessary

facts. See id. at 1544. A hearing is not mandatory on the issues of damages if sufficient evidence is submitted to support the claimed damages. Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manuf. Co., 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015).

### III.  Discussion

Plaintiffs request an entry of final judgment of default against Defendants for their claims asserted for copyright infringement under the Copyright Act. The Returns of Service shows the complaint was personally served on both Defendants on March 19, 2024.(Dkt. 8). Neither Defendant filed an answer or made any appearance in this case to defend against the claims. Upon review, the Court **GRANTS IN PART** the Motion for Default Judgement.

#### a. Service of Process

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). Directv, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The plaintiff bears the burden of establishing proper service of process upon a defendant. Brown v. Care Front Funding, No. 8:22-cv-2408-VMC-JSS, 2023 U.S. Dist. LEXIS 60879 at *4 (M.D. Fla. April 6, 2023), report and recommendation adopted, 2023 U.S. Dist. LEXIS 72933 (M.D. Fla. April 26, 2023).

4

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), a corporation, partnership, or other unincorporated association located in a judicial district of the United States may be served "by delivering a copy of the summons and of the complaint to… any [] agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"

The Court finds that Plaintiffs have carried their burden of establishing proper service upon Defendants. The Proof of Service provides that on March 19th, 2024, Plaintiffs served the Summons and Complaint on "**James S Hess** as **Registered Agent** for **Treble Makers of Wesley Chapel, Inc.**, at the address of: **8127 Lago Mist Way, Wesley Chapel, FL 33545**[.]" (Dkt. 8-1, at 2-3) (emphasis in original). The Affidavit of Service also provides that Plaintiffs served the Summons and Complaint on "**James S. Hess, 8127 Lago Mist Way, Wesley Chapel, FL 33545**[.]" (Dkt. 8, at 2-3) (emphasis in original).

Having found that the Plaintiffs properly served the Defendants, the Court turns to Plaintiffs' specific allegations.

### b. Copyright Violations

The Court finds Plaintiffs have established the elements of their copyright infringement claims by well-pleaded factual allegations. The Copyright Act, 17 U.S.C. § 101 et seq., grants the owner of the copyright of a musical work the exclusive right to perform their composition publicly and to authorize the public performance of their

work. See 17 U.S.C. § 106. Copyright owners may, however, assign these rights to third parties, such as ASCAP, who act as intermediaries between the copyright owners and persons and businesses interested in performing the works publicly. See 17 U.S.C. § 201. To establish copyright infringement for musical compositions, Plaintiffs must prove: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure copyright under Title 17, United States Code; (3) that Plaintiffs are the proprietors of the copyrights of the compositions were performed publicly by the Defendants; and (4) that the compositions were performed publicly by the Defendants; and (5) that the Plaintiffs or their representatives did not permit Defendants for such performance. Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc., No. 8:11–cv–2056–T–17TBM, 2013 WL 5487066, at *2 (M.D. Fla. Sept. 30, 2013).

Plaintiffs satisfy the first three elements by providing the copyright registration certificate number (Dkt. 1, at 8), which constitutes prima facie evidence of the copyright's validity. See 17 U.S.C. § 410(c) (1998). "With regard to the fourth element, it is well settled that investigators' affidavits that are uncontradicted are conclusive proof of performance." Major Bob Music v. Stubbs, 851 F. Supp. 475, 479 (S.D. Ga. 1994). Plaintiffs produced "Schedule A," attesting to the performances of Plaintiffs' songs at Treble Makers on July 8, 2023. (Dkt. 1, at 8). As for the fifth element, Plaintiffs allege Defendants never obtained an ASCAP license for Treble Makers. (Dkt. 1, ¶ 17). This was despite Plaintiffs' repeated efforts to offer a license to Defendants and

Plaintiffs' repeated warnings of the consequences of not attaining a license. (Dkt. 1, ¶ 16).

Further, under the Copyright Act, an individual who can control the acts of a corporation may be held jointly and severally liable with the corporate entity for copyright infringements, even in the absence of the individual's actual knowledge of the infringements. Southern Bell Telephone and Telegraph Co. v. Associated Telephone Directory Publishers, 756 F.2d 801, 811 (11th Cir. 1985) (affirming liability of individuals who had a financial interest in the infringing activity and the right to supervise the infringing activities, and holding that "[l]iability falls on all of them even if they were ignorant of the infringement"); see Chi-Boy Music v. Towne Tavern, Inc., 779 F. Supp. 527, 530 (N.D. Ala. 1991) (finding that even if the president or owner wasn't controlling the day-to-day affairs or selection of music, it is irrelevant as the "vicarious liability copyright infringement on a controlling individual is premised on the belief that such a person is in a position to control the conduct of the 'primary' infringer"). Plaintiffs allege that Defendant Hess "was, and still is, the owner, officer, director, and/or president of TMWC." (Dkt. 1, ¶ 9). Plaintiffs also allege that both Defendants benefit financially from the public performance of musical compositions at Treble Makers. (Dkt. 1, ¶ 12). Thus, Plaintiffs allege facts sufficient to support the liability of both Defendants.

### c. Statutory Damages

The Court is "obligat[ed] to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir.

2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award). Under Rule 55(b), the Court has discretion to hold an evidentiary hearing to determine appropriate damages, but it is not required to, particularly where there is sufficient evidence in the record. Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 Fed. Appx. 908, 911–12 (11th Cir. 2011); Almeira v. GB House, LLC, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014). Affidavits are sufficient to establish damages if they are not conclusory. Almeira, 2014 WL 1366808, at *1; see Tara Prods., Inc., 449 F. App'x at 912 (quoting Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005)). This is especially appropriate where the Court imposes a statutory measure of damages.

The Copyright Act permits a plaintiff to elect either actual or statutory damages. 17 U.S.C. § 504. Under § 504(c)(1), a copyright owner may elect to recover, instead of actual damages, statutory damages for work infringed "in a sum of not less than $750 or more than $30,000 as the court considers just." When the copyright owner sustains the burden of proving that an infringement was committed willfully, the court may increase the award of statutory damages up to $150,000 for each infringement. Id. Plaintiffs set forth three separate causes of action for each of the three songs infringed and set forth, in their prayer for relief, a demand of not more than $30,000 for each cause of action, in accordance with 17 U.S.C. § 504(c)(1) (Dkt. 1, at 7). Plaintiffs contend Defendants avoided paying license fees totaling $12,114.28. (Dkt. 12-1, ¶ 33).

Plaintiffs, therefore, request statutory damages for a total of $36,000, approximately three times the amount of license fees Defendants avoided paying by violating copyright laws. (Dkt. 12, at 12-13).

Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of infringements. Disney Enters., Inc. v. Law, No. 6:07–cv–1153–Orl–18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008). In awarding statutory damages, the Court may consider several factors, "including… revenues lost by [the] copyright holder as a result of infringement, and [the] infringer's state of mind, whether willful, knowing or innocent." Nintendo of Am. v. Ketchum, 830 F.Supp. 1443, 1445 (M.D. Fla.1993). The court may also "take into account the attitude and conduct of the parties" and should consider "the deterrent value of the sanction imposed." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990) (internal quotation omitted).

Courts have found that three times the amount of license fees avoided is an appropriate measure of damages in such circumstances. See, e.g., Universal Music Corp v. Latitude 360 Nevada, Inc., No. 3:15-CV-1052-J-34JRK, 2016 WL 3200087 (M.D. Fla. May 4, 2016), report and recommendation adopted sub nom. Corp v. Latitude 360 Nevada, Inc., No. 3:15-CV-1052-J-34JRK, 2016 WL 3188899 (M.D. Fla. June 8, 2016) (awarding three times the licensing fees as statutory damages and noting that the sum also amounts to $90,000, or $22,500 for each of the four established infringements, which was within the statutory limits); Broadcast Music v. Evie's Tavern, No. 8:11-cv-2056, 2013 WL 5487066, at *6 (M.D. Fla. Sept. 30, 2013)

(awarding $3,390.66 in statutory damages for each of five compositions infringed, for a total of $16,953.30, equaling about three times the licensing fees); Milk Money Music v. Oakland Park Entm't Corp., No. 09–cv–61416, 2009 WL 4800272, at *3 (S.D. Fla. Dec. 11, 2009) (awarding $7,000.00 in statutory damages for each of four compositions infringed, for a total of $28,000.00); M.L.E. Music Sony/ATV Tunes, LLC v. Julie Ann's, Inc., No. 8:06-cv-1902, 2008 WL 2358979, at *5 (M.D. Fla. June 9, 2008) (finding statutory damages of three times the unpaid fees is appropriate and consistent with plaintiffs' loss and in deterring future violations).

Defendants were given multiple warnings about the consequences of not obtaining an ASCAP license and were provided with numerous opportunities to acquire the license. (Dkt. 12, at 2-3). Despite the warnings, Defendants continued to infringe Plaintiffs' rights intentionally. (Dkt. 12, at 3-4). And, according to Plaintiffs, Defendants had a license with the ASCAP, and the license was terminated by ASCAP for material breach and default when "Defendants failed to pay fees due thereunder." (Dkt. 12, at 7). Subsequently, Defendants have not secured a license from ASCAP since October 2020. Id.

Despite the foregoing, the evidence presented by Plaintiffs does not definitively establish that they have received payment for the proposed license fee rates they seek in a commercial setting under any other circumstances. They set forth a fee table that they contend establishes a fair rate for infringement, but they do not offer any evidence that this rate has been paid in the market for their license. While it is possible that they have received this rate, no proof of this has been provided. Additionally, Plaintiffs

10

reference the Defendants defaulting on the initial contract, but they have not provided evidence of what the Defendants actually paid before the default occurred. (Dkt. 12, at 7). Therefore, since no evidence has been provided to support Plaintiffs' license fee rates, Plaintiffs are hereby awarded a nominal amount of $750 per infringement, which the Court determines should be trebled, for a total of $6,750 in statutory damages.

### d. Injunctive Relief

Plaintiffs also request an injunction. The Copyright Act, at 17 U.S.C. § 502(a), expressly provides for the entry of injunctive relief: "Any court having jurisdiction of a civil action arising under this title may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiffs argue that, as established by the Declaration of R. Douglas Jones, Defendants continued their unauthorized performances of copyrighted music without a license and violated the Copyright Act, even after notice and repeated warnings. (Dkt. 12, at 2-3). Plaintiffs contend that an injunction is appropriate here, where infringers repeatedly refused to obtain a license and continually violated copyright laws.

As Plaintiffs correctly contend, courts regularly grant injunctive relief to prevent further infringing performances of copyrighted music, especially where, as here, the infringer has ignored multiple warnings. See Broadcast Music, Inc. v. PRB Productions, Inc., No. 6:13-cv-1917-Orl-31KRS, 2014 WL 3887509, at *5-6 (M.D. Fla Aug. 7, 2014); Chi Boy Music v. Charlie Club, Inc., 930 F. 2d 1224 (7th Cir. 1991). Moreover, Courts have granted broad injunctions to enjoin unauthorized

11

performances of any and all copyrighted music in the ASCAP repertory in ASCAP-member cases, such as this one. See, e.g., Joelsongs v. Shelley Broadcasting Co. Inc., 491 F. Supp.2d 1080, 1086 (M.D. Ala. 2007) ("there is substantial and longstanding precedent for such broad injunctions in circumstances similar to those presented here"); see also Cross Keys Pub. Co. v. Wee, Inc., 921 F. Supp. 479, 481 (W.D. Mich. 1995); Jobete Music Co. v. Hampton, 864 F. Supp. 7, 9 (S.D. Miss. 1994); Jasperilla Music Company v. Wing's Lounge Association, 837 F. Supp. 159 (S.D. W.Va. 1993).

Thus, the Court orders that Plaintiffs are entitled to an injunction in the form they have requested, prohibiting the unauthorized performance of all music in the ASCAP repertory:

> Defendants are hereby jointly and individually enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or conducted by the Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from ASCAP. This Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

### IV.  Conclusion

Upon consideration of the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Default Judgement is **GRANTED IN PART** against Defendants. The Clerk is directed to enter judgment in the amount of $6,750 against Defendants Treble

Makers of Wesley Chapel, Inc., and James S. Hess. Should Plaintiffs wish to pursue the demand for fees, Plaintiffs are directed to file a motion for attorney's fees with appropriate documentation within 14 days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person