UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORRIS EDWIN H & CO., INC.,
UNIVERSAL MUSIC
CORPORATION, AFROMAN
MUSIC, and PURPLE RABBIT
MUSIC,

    Plaintiffs,

v.       Case No: 8:24-cv-00579-MSS-CPT

TREBLE MAKERS OF WESLEY
CHAPEL, INC., and JAMES S.
HESS,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Reconsideration Regarding Damages. (Dkt. 15) In the Motion, Plaintiffs request the Court reconsider its decision to award Plaintiffs damages in the amount of $6,750 instead of the amount Plaintiffs sought, $36,000. Plaintiffs argue that the evidence attached to the Motion for Entry of Final Default Judgment supports the reasonableness of the rates Plaintiffs used to calculate the license fees allegedly avoided by Defendants. (Dkt. 12 at 1–3) Additionally, Plaintiffs submit eleven examples of analogous cases in which district courts relied on the same evidence as that presented by Plaintiffs here to award damages equal to a multiple of the license fees avoided by the infringers. (Id. at 5–6) Plaintiffs urge this Court to follow suit and to reconsider and

amend its ruling to award Plaintiffs $36,000 in statutory damages, which is approximately three times the license fees Plaintiffs contend was avoided by Defendants. (Id. at 6) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion.

In the Order granting in part Plaintiffs' motion for default judgment, the Court noted that "the evidence presented by Plaintiffs does not definitively establish that they have received payment for the proposed license fee rates they seek in a commercial setting under any other circumstances." (Dkt. 13 at 10) Further, the Court stated, "[T]hey do not offer any evidence that this rate has been paid in the market for their license." (Id.) For this reason, the Court awarded a nominal amount of damages per infringement, which the Court determined should be trebled. (Id. at 11)

Plaintiffs do not establish a basis for this Court to reconsider or amend its ruling. "A moving party may not use a motion for reconsideration . . . to reiterate arguments previously made." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). "The purpose of a motion for reconsideration is to correct manifest errors of law (including to apply controlling intervening law), to present newly discovered evidence, or to prevent manifest injustice." Henns v. Mony Life Ins. Co. of Am., No. 5:11-cv-55, 2012 WL 13098756, at *1 (M.D. Fla., Mar. 12, 2012). First, Plaintiffs attach no new evidence to the Motion for Reconsideration despite the Court noting in the Order the kind of evidence that was lacking—evidence that Plaintiffs have been paid the proposed license fee rates in a commercial setting under other circumstances. Next, while the additional cases Plaintiffs cite are examples of courts awarding damages

equal to a multiple of the license fees Plaintiffs contend were avoided by infringers, court decisions do not establish the commercial reasonableness of Plaintiffs' damages.[1] And, significantly, these cases were all rendered on default, and they are not binding on this Court.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion for Reconsideration, (Dkt. 15), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

---

[1] WB Music Corp. v. Chu Foods, L.L.C., No. 19-cv-1245-J-34JBT, 2020 WL 1644166 (M.D. Fla. Feb. 28, 2020); EMI April Music, Inc. v. Ocala Hosp. Grp., LLC, No. 16-cv-30, 2016 WL 11578745 at *2 (M.D. Fla. Aug. 30, 2016); Lido Music, Inc. v. Hurricane Hattie's, Inc., Case No. 00-cv-1379 (M.D. Fla. May 28, 2002); Milk Money Music v. Oakland Park Ent. Corp., Case No. 09–CV–61416, 2009 WL 4800272 at *2 (S.D. Fla. Dec. 11, 2009); Morley Music v. Café Cont'l, Inc., 777 F. Supp. 1579 (S.D. Fla. 1991); Mouse on Tha Track, LLC v. Celcius Nightclub, LLC, No. 24-CV-195, 2024 WL 3258190, at *1 (M.D. Fla. May 29, 2024), report and recommendation adopted, 2024 WL 3252892; Universal Music Corp v. Latitude 360 Nev., Inc., No. 15-CV-1052, 2016 WL 3200087, at *1 (M.D. Fla. May 4, 2016), report and recommendation adopted, 2016 WL 3188899; Seven Peaks Music v. Rack Alley Billiards, Inc., No. 607-CV-1230, 2008 WL 11337372, at *1 (M.D. Fla. Dec. 1, 2008); Major Bob Music v. S. Shore Sports Bar & Grill, Inc., No. 08-CV-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010).