UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MORRIS EDWIN H & CO., INC., UNIVERSAL MUSIC CORPORATION, AFROMAN MUSIC, and PURPLE RABBIT MUSIC,**

    Plaintiffs,

v.                                  Case No: 8:24-cv-579-MSS-CPT

**TREBLE MAKERS OF WESLEY CHAPEL, INC. and JAMES S. HESS,**

    Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees. (Dkt. 16) On December 27, 2024, United States Magistrate Judge Christopher P. Tuite issued a Report and Recommendation, (Dkt. 20), which recommended Plaintiffs' Motion be granted in part and denied in part. The Parties have not objected to Judge Tuite's Report and Recommendation, and the deadline for doing so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Unopposed Motion for Attorneys' Fees.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete

review of the findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ.</u>, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See <u>Cooper-Houston v. Southern Ry.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion the Report and Recommendation should be adopted, confirmed, and approved in all respects.[1] Accordingly, it is **ORDERED** that:

1.  The Report and Recommendation, (Dkt. 20), is **CONFIRMED** and

---

[1] The Court would, however, characterize paralegal work for which fees are recoverable as work that is not purely secretarial and that requires the substantive knowledge of a paralegal, rather than as work that is "'traditionally done by an attorney.'" <u>Scelta v. Delicatessen Support Servs., Inc.</u>, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (quoting <u>Jean v. Nelson</u>, 863 F.2d 759, 778 (11th Cir. 1988)). The Court finds this distinction necessary to avoid confusion; a nonlawyer may not practice law. See <u>The Fla. Bar v. Neiman</u>, 816 So. 2d 587, 596 (Fla. 2002) (affirming the conclusion that a paralegal's "conduct during settlement negotiations constituted the unlicensed practice of law").

      **ADOPTED** as part of this Order.

2. Plaintiffs' Unopposed Motion for Attorneys' Fees, (Dkt. 16), is **GRANTED IN PART and DENIED IN PART as explained in the Report and Recommendation**.

3. Plaintiffs are awarded attorneys' fees in the amount of $12,023.25. Plaintiffs are also awarded $1,240.72 in investigative fees. The total sum awarded Plaintiffs is $13,263.97.

4. The Clerk is **DIRECTED** to close this case and terminate any pending motions.

      **DONE** and **ORDERED** in Tampa, Florida, this 28th day of January 2025.

                                                        MARY S. SCRIVEN
                                                        UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person